986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ken MONTEZ, Plaintiff-Appellant,
v.
M.F. MONTEZ; Rose Pecina Montez; Montez Enterprises, Ltd.,
a/k/a Montez Enterprises, Inc., Defendants-Appellees.
 No. 92-3129.
 United States Court of Appeals, Tenth Circuit.
 Feb. 18, 1993.
 
 1
 Before STEPHEN H. ANDERSON and EBEL, Circuit Judges, and BRIMMER,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 CLARENCE A. BRIMMER, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff brought this appeal claiming error in the district court's refusal to admit a tape-recorded conversation into evidence. Plaintiff brought suit against defendants for breach of contract and fraud. Defendants counterclaimed for breach of contract. The claims were tried to a jury, and the jury returned a verdict in favor of plaintiff on the breach of contract claim in the amount of $2,500 and awarded defendants nothing on their counterclaim. The district court dismissed the plaintiff's fraud claim for lack of evidence, and it dismissed the breach of contract claims against M.F. Montez and Rose M. Pecina, individually.
 
 
 6
 Plaintiff argues on appeal that the district court erred in refusing to admit into evidence a tape-recorded conversation between plaintiff and his defendant father. At trial, the district court indicated that it had reviewed the transcripts of the seven tape-recorded conversations and listened to the tapes and that it was prepared to overrule defendants' objections to the tapes and admit them into evidence. After allowing most of the seventh tape to be played, however, the district court stopped the proceedings and held a side-bar conference wherein it indicated that, for whatever reason, it had not previously reviewed the seventh tape. The court ruled that the tape contained nothing which "had to do with the contract," and it instructed the jury to disregard what it had heard on the seventh tape, thereby refusing to admit the seventh tape into evidence.
 
 
 7
 We review the district court's ruling on the admissibility of evidence for an abuse of discretion. Mason v. Texaco, Inc., 948 F.2d 1546, 1555 (10th Cir.1991), cert. denied, 112 S.Ct. 1941 (1992). We have reviewed the record and we hold that the district court did not abuse its discretion in refusing to allow the seventh tape recording into evidence. The record supports the district court's findings that the tape was irrelevant and what little probative value it may have had was outweighed by its prejudicial effect. In any event, even if a small portion of the tape could be construed as relevant, failure to admit the evidence did not result in such manifest injustice to the parties that we will disturb the district court's evidentiary ruling. See id.
 
 
 8
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3